```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

VICTOR S. MORALES,              )
          Plaintiff,            )
                                )
     v.                         )   C.A. No. 03-12344-GAO
                                )
                                )
MICHAEL T. MALONEY, et al.,     )
          Defendants.           )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to demonstrate good cause why this action should not be dismissed for the reasons stated below.

## FACTS

Plaintiff, Victor Morales, a Massachusetts state prisoner housed in Sussex One State Prison in Virginia, brings this action pursuant to 42 U.S.C. § 1983. Morales has named Michael Maloney, the former Commissioner of the Massachusetts Department of Correction, and Ronald Rheault, the Massachusetts County, Federal and Interstate Manager, as defendants. Morales contends his incarceration in Virginia denies him benefits that would be available if he was incarcerated in Massachusetts. Specifically, Morales asserts that 1) he does not have access to Massachusetts state legal materials; 2) as a Massachusetts inmate, he has been precluded from placement in a Virginia correctional institution with a lower security classification; 3) being located out of state makes it more difficult for family visitation and communication; 4) he is placed at greater risk because Virginia

has a death penalty whereas Massachusetts does not; and 5) he lives in fear of being injured by other inmates or by prison guards who, while shooting another inmate, may mistakenly hit plaintiff with a bullet.

## REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b). All prisoner actions directed against a governmental entity or officer also must be screened on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee. 28 U.S.C. § 1915A. Similarly, prisoner complaints based on prison conditions must also be screened. 42 U.S.C. § 1997e(c)(1), (2).

## DISCUSSION

Plaintiff's challenge to his prison classification does not rise to a constitutional level. See Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison, Olim v. Wakinekona, 461 U.S. 238 (1983), and the Court notes that

interstate transfers of inmates do not pose an atypical and significant hardship in relation to the ordinary incidents of prison life.  Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996).  The Court has examined plaintiff's allegations and the numerous attachments to the Complaint and finds that the situation described or entailed by his detention in Virginia has not imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.  More so, plaintiff fails to state a due process claim because he has no protected liberty interest to be housed in the institution of his choice.

To the extent plaintiff complains that his detention in Virginia interferes with familial visits, plaintiff fails to state a claim.  "Freedom of association is among the rights least compatible with incarceration and some curtailment of that freedom must be expected in the prison context.  Overton v. Bazzetta, 539 U.S. 126, 131, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003).  Here, plaintiff does not allege specific facts indicating that his incarceration in Virginia involves an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Finally, to the extent plaintiff complains that he does not have access to Massachusetts state legal materials, he has not alleged a violation of his right of access to the courts.  Prisoners have a constitutional right of access to court.  See

<u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977).  To establish an claim, a plaintiff must show an actual injury.  <u>See Lewis</u>, 518 U.S. at 351.  Here, plaintiff has not shown actual injury.

<u>CONCLUSION</u>

ACCORDINGLY, plaintiff is directed to demonstrate good cause, in writing, within forty-two (42) days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated above.

SO ORDERED.

| | |
|---|---|
| <u>November 30, 2005</u><br>DATE | <u>/s/ George A. O'Toole, Jr.</u><br>GEORGE A. O'TOOLE, JR.<br>UNITED STATES DISTRICT JUDGE |